[For subsequent proceedings in this litigation, see Case No. 9,319.]

## Case No. 9,319.

### In re MAWSON.

[2 Ben. 412;[1] 1 N. B. R. 548 (Quarto, 153).]

District Court, S. D. New York. May 12, 1868.

BANKRUPTCY — PROCURING CREDITORS' ASSENT TO DISCHARGE—AGREEMENT TO PAY COUNSEL FEES—BURDEN OF PROOF.

Where creditors opposed the discharge of a bankrupt, on the ground that he had procured the assent of certain creditors to his discharge by a pecuniary obligation. and the evidence showed that he had paid to the counsel for those creditors, their fees, for services rendered in the matter, amounting to $20. but it also appeared that those creditors had announced that they would not oppose the discharge, before anything whatever was said about his paying their counsel fees. and that such payment was not made a condition of their withdrawing further opposition: *Held*, that the burden of proof was upon the opposing creditors. and the proof did not sustain the specification.

Two creditors opposed the discharge of the bankrupt [George S. Mawson] in this case, on like specifications. which were. in substance, that the bankrupt had influenced the action of Arnold, Nusbaum, and Nordlinger. creditors of his, by procuring their assent to his discharge, since the filing of his petition, by a pecuniary consideration and obligation.

[For prior proceedings in this litigation, see Cases Nos. 9,317, 9.318, and 9,320.]

F. C. Nye, for bankrupt.
E. James and J. S. Ritterband, for creditors.

BLATCHFORD, District Judge. I do not think that the evidence sustains this specification, or that the bankrupt has. either in

---

[2] [From 1 N. B. R. 437 (Quarto, 115).]

[2] [From 1 N. B. R. 437 (Quarto, 115).]
[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

letter or in spirit, violated any of the provisions of the bankruptcy act, or been guilty of any thing which is made a ground, by the 29th section of the act [of 1867 (14 Stat. 531)], for withholding his discharge. The testimony given by the bankrupt, on the 23d of January, 1868, on his direct examination, unexplained, seemed to support the averment, that he had influenced the action of the creditors named by a pecuniary consideration, by procuring them to agree not to further oppose his discharge, if he would pay their counsel the amount of his charge, already then incurred, for services in the matter, and which amount the bankrupt subsequently paid, it being twenty dollars. But on his cross-examination, on the 13th of March, 1868, the bankrupt explained the whole matter satisfactorily; and his testimony shows, that the announcement by the creditors to him, that they would not oppose his discharge, was made before any thing was said between them and him as to paying their counsel, and at a prior interview, and was not induced by any promise on his part to pay the counsel, and was entirely independent of any such promise, and it does not appear that the suggestion of the creditors to him, at a subsequent interview, that it was right and proper that he should pay their counsel, was coupled with any intimation to him that his agreement to pay the counsel must be a condition of, or a consideration for, or a precedent obligation to, their agreement not to oppose his discharge. It is not pretended that any thing was paid, or agreed to be paid, by the bankrupt, to, or for the benefit of, these creditors, except the twenty dollars. The affirmative is on the opposing creditors to support the allegation of the specification. It was open to them to do so by the testimony of that member of the firm, alleged to have been influenced in its action by the pecuniary consideration, with whom the transaction took place. They have not adduced such testimony, and they have failed to sustain the allegation. I see nothing in the evidence to impeach the honesty and fair dealing of the bankrupt in all respects, and a discharge will be granted to him.